IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mitsubishi Motors Credit of America, Inc., | ) | |
| | ) | |
| Plaintiff and Counterclaim, | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:08-cv-3393-TLW-TER |
| | ) | |
| Suzuki Outlet of Myrtle Beach, SC, LLC | ) | |
| d/b/a Myrtle Beach Mitsubishi and | ) | |
| Alexander Barletta, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| Alexander Barletta, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mitsubishi Motors North America, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This matter is now before the Court for consideration of two motions. The first motion is a motion to dismiss the counterclaims of individual defendant and third-party plaintiff Alexander Barletta ("Individual Defendant") filed by Mitsubishi Motors Credit of America, Inc. ("Mitsubishi Credit"). (Doc. #49). Individual Defendant filed a response in opposition to this motion. (Doc. #53). Mitsubishi Credit filed a reply to Individual Defendant's response. (Doc. #55).

The second motion before the Court is a motion to dismiss Individual Defendant's third-party complaint filed by third-party defendant Mitsubishi Motors of North America, Inc. ("Mitsubishi Motors"). (Doc. #52). Individual Defendant filed a response in opposition to this motion. (Doc. #56). Mitsubishi Motors filed a reply to the response. (Doc. #61).

The Court has carefully considered the pleadings, motions, and memoranda of the parties, and these matters are now ready for disposition. The Court will address each motion in turn.

**I. Mitsubishi Credit's Motion to Dismiss Counterclaims**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions, and that "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Mitsubishi Credit seeks dismissal of Individual Defendant's counterclaims that are premised on alleged violations of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-20 (2002) ("UTPA"). The UTPA creates a private right of action for "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20." S.C. Code § 39-5-140(a). See Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc., 351 S.E.2d 347, 348 (Ct. App. 1986). However, "[a]n unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond the act's embrace." Noack at 349-50. South Carolina courts have noted that, in order to be actionable, "the unfair or deceptive act or practice in the conduct of trade or commerce must have an impact upon the public interest . . . [t]he act is not available to redress a private wrong where the public interest is unaffected." Id. at 350.

South Carolina courts have further recognized that "[a]n impact on the public interest may be shown if the acts or practices have the potential for repetition." Singleton v. Stokes Motors, Inc., 595 S.E.2d 461, 466 (2004) (citing Crary v. Djebelli, 496 S.E.2d 21, 23 (1998)). The "potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence: or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts." Id. Finally, the South Carolina Supreme Court has noted that "each case must be evaluated on its own merits," and has "expressly reject[ed] any rigid, bright line test that delineates in minute detail exactly what a plaintiff must show to satisfy the potential for repetition/public impact prong of the UTPA test." Daisy Outdoor Advertising Co., Inc. v. Abbott, 473 S.E.2d 47, 49 (1996).

In the amended counterclaim, Individual Defendant raises numerous claims that Mitsubishi Credit engaged in a series of alleged activities that caused or contributed to the failure of Suzuki Outlet of Myrtle Beach. Individual Defendant sets forth a laundry-list of allegations with basic facts alleged. In addressing the public interest prong under South Carolina law, Individual Defendant also asserts generally that the acts alleged in the counterclaim have occurred in the past in connection with at least one other car dealership, and thus are capable of repetition. In support of this assertion, Individual Defendant alleges that similar claims were alleged against Mitsubishi Credit in 2005 by a car dealership in Vineland, New Jersey. (Am. Countercl. at ¶ 42). This Court will have to determine if the evidence ultimately matches these allegations as the case proceeds. After reviewing the relevant caselaw and applying the standards set forth in detail in the preceding paragraphs, the Court cannot conclude, as a matter of law, that Individual Defendant has failed to state a claim upon which relief can be granted. For this reason, Mitsubishi Credit's motion to dismiss Individual Defendant's counterclaim under the South Carolina Unfair Trade Practices Claim is denied. Whether Individual Defendant can prove its allegations contained in the counterclaim and show that the evidence constitutes sufficient proof of an unfair trade practice according to the abundant caselaw in this area will be determined as this case proceeds.

Mitsubishi Credit has also moved to dismiss Individual Defendant's counterclaim for an award of attorney's fees. As acknowledged by Mitsubishi Credit, the South Carolina Unfair Trade Practices Act authorizes an award of attorney's fees and costs when an individual prevails in a claim under the act. S.C. Code § 39-5-140(a). Because Individual Defendant's counterclaims under the Unfair Trade Practices Act remain viable at this stage, the Court will not dismiss the claim for attorney's fees. For this reason, Mitsubishi Motor's motion to dismiss Individual Defendant's third

counterclaim for an award of attorney's fees is denied. (Doc. #49).

**II. Mitsubishi Motors' Motion to Dismiss Third-Party Complaint**

The second motion before this Court is Mitsubishi Motors' motion to dismiss the third-party complaint in this action. (Doc. #52). Mitsubishi Motors asserts that Individual Defendant has improperly attempted to implead Mitsubishi Motors as a third-party defendant in this action pursuant to Federal Rule of Civil Procedure 14(a).

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, "[a] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the plaintiff." Deutsche Bank Nat'l Trust Co. v. Tyner, 233 F.R.D. 460 (D. S. C. 2006) (citing Scott v. PPG Indus. Inc., 1990 WL 200655 *3 (4th Cir. 1990)). Courts have noted that "[t]ypically, proper third party claims involve one joint tortfeasor impleading another, an indemnitee impleading an indemnitor, or a secondarily liable party impleading one who is primarily liable." Watergate Landmark Condominium Unit Owners' Ass'n v. Wiss, Janey, Elstner Assoc., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987). In essence, a third-party claim is "viable only where a proposed third party plaintiff says, in effect, '[i]f I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'" Id. Thus, "[d]erivative liability is central to the operation of Rule 14," and the rule "cannot be used as a device to bring into a controversy matters which merely happen to have some relationship to the original action." Id.

Individual Defendant has not properly alleged that Mitsubishi Motors may be derivatively

or secondarily liable for any sum that Mitsubishi Credit may potentially recover from Individual Defendant. Thus, Mitsubishi Motors' alleged liability cannot be classified as secondary or derivative to that of Individual Defendant. For this reason, Mitsubishi Motors is not a proper third-party defendant for purposes of Federal Rule of Civil Procedure 14. In the response to Mitsubishi Motors' motion, Individual Defendant suggests that the Court consider the inclusion of Mitsubishi Motors in this action under either Federal Rule of Civil Procedure 19 or Rule 20. (Doc. #56). However, the applicability of Rule 19 and Rule 20 has not been raised through motion to this Court, nor has the issue been briefed by any party to this action. The issue is, therefore, not properly before the Court at this time. See Local Civil Rule 7.03, 7.04. Because Mitsubishi Motors is not a proper third-party defendant to this action pursuant to Federal Rule of Civil Procedure 14(a), Mitsubishi Motors' motion to dismiss the third-party complaint is granted. (Doc. #52).

## CONCLUSION

For the foregoing reasons, the Mitsubishi Credit's motion to dismiss Individual Defendant's counterclaims is **DENIED**. (Doc. #49). Mitsubishi Motors' motion to dismiss the third-party complaint against Mitsubishi Motors is **GRANTED**. (Doc. #52).

**IT IS SO ORDERED**.

                                                s/Terry L. Wooten
                                                United States District Judge

February 23, 2010
Florence, South Carolina